UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 21-04188-CAS (DFM) | Date: | May 9, 2024 |
|---|---|---|---|
| Title | Whittier Em v. Warden | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

In May 2021, Petitioner Whittier Em, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. See Dkt. 1. Petitioner challenges his conviction on two counts of attempted murder and his resulting sentence of 25 years to life on each count. See id. at 1-2; see also People v. Em, No. B295019, 2019 WL 617004 (Cal. Ct. App. Nov. 20, 2019); Dkt. 5, First Amended Petition at 2.

In June 2021, Petitioner moved for a stay and abeyance while he exhausted his unexhausted claims in state court. See Dkt. 7. In November 2022, the Court issued an order granting the motion under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2013). See Dkt. 37. However, the Court's grant of Petitioner's stay request was subject to various conditions, including the following:

    B. Petitioner shall present his unexhausted claims in a petition for writ of habeas corpus that shall be filed in the California Supreme Court within thirty (30) days of the service date of this Order.

    C. Forthwith upon the filing of his California Supreme Court habeas petition, Petitioner shall lodge a conformed copy of the same with this Court.

    D. Assuming Petitioner does not obtain habeas relief from the California Supreme Court, the Petition shall be held in abeyance until thirty (30) days after the California Supreme Court issues its order denying Petitioner's habeas petition. Within that period of time, Petitioner shall serve and file a motion to amend his Petition to add his newly exhausted claims. The motion to amend shall be made in strict compliance with Local Rules 15-1 and 15-2. The motion to amend must be accompanied by a proposed Second Amended Petition that alleges only the currently exhausted claim as well as the newly exhausted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

claims. The proposed Second Amended Petition must be complete in and of itself, and must not incorporate by reference any other pleading.

<u>Id.</u> at 2. Petitioner has not complied with these requirements. From a review of publicly available records, it appears that Petitioner filed a habeas petition in the California Supreme Court in March 2022, which the California Supreme Court denied in July 2022, before the Court ruled on Petitioner's motion for a stay in this case. <u>See</u> California Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search by case number "S273605") (last accessed May 6, 2024). It is unclear whether Petitioner presented each of his unexhausted claims in that petition. Regardless, Petitioner did not notify the Court of his habeas proceedings before the California Supreme Court or lodge copies of any documents from those proceedings. Indeed, Petitioner has not taken any action in this case since the Court granted his stay request.

It is Petitioner's responsibility to comply with the Court's orders and to prosecute this action diligently. **Accordingly, the Court hereby ORDERS Petitioner to show cause in writing no later than twenty-eight (28) days from the date of this order why this action should not be dismissed for lack of prosecution.** If Petitioner exhausted his unexhausted claims via the state court habeas proceedings referenced above, then Petitioner may discharge this order by filing each the following: (1) a copy of his California Supreme Court habeas petition; (2) a copy of the California Supreme Court's denial; and (3) a motion to amend the petition, accompanied by a proposed Second Amended Petition that alleges the currently exhausted and newly exhausted claims.[1]

---

[1] According to publicly available records, Petitioner is currently in custody at California State Prison Solano, a different facility than his address of record. Under Local Civil Rule 41-6, Petitioner must keep the Court informed of his current address. Failure to do so may result in a recommendation that this case be dismissed for failure to prosecute. <u>See</u> L.R. 41-6.

The Clerk is directed to serve a copy of this Order on Petitioner at both his address of record and California State Prison Solano, P.O. Box 4000, Vacaville, CA 95696-4000.